NO. 07-08-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 20, 2009

_____

CHRISTOPHER MILLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-03-6403; HONORABLE PAT PHELAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION ON MOTION FOR REHEARING**

Remaining convinced that our original disposition of Appellant's appeal is correct, we overrule Appellant's motion for rehearing with these additional comments. Appellant, Christopher Mills, contends this Court erred in failing to first address his legal sufficiency issue (Issue One) because a successful challenge would have resulted in an acquittal on

the first-degree felony offense of aggravated assault pursuant to § 22.02(b)(1) of the Texas Penal Code. Specifically, Appellant contends that there was no evidence that the complainant's injuries rose to the level of serious bodily injury, i.e., injuries creating a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.[1]

A court of appeals is required to address every issue "necessary to final disposition of the appeal." Tex. R. App. P. 47.1. Because Appellant's third issue (improper jury argument committed during the guilt-innocence stage of the trial) had the effect of setting aside his conviction, resolution of Appellant's legal sufficiency issue was not necessary to a final disposition of his appeal.

Furthermore, since the trial court submitted a charge on the second-degree felony offense of aggravated assault by the use of a deadly weapon, a finding of legal insufficiency as to the issue of serious bodily injury would have required this Court to reform the judgment to reflect a conviction as to that lesser included offense. *Collier v. State,* 999 W.W.2d 779, 782 (Tex.Crim.App. 1999). Reversal and remand for a complete new trial accords Appellant greater relief than a remand for purposes of punishment only. Therefore, not only did the prior opinion of this Court address every issue necessary to final disposition of this appeal, it also did not improperly fail to address the issue that afforded Appellant the greater relief.

---

[1]Tex. Penal Code Ann. § 1.07(a)(46) (Vernon Supp. 2009).

That said, even if this Court were to consider Appellant's legal sufficiency challenge in accordance with the standards which are well known, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. 2007). Considered in the light most favorable to the verdict: (1) the complainant suffered seven stab wounds to her head, neck, chest, hand, and back, (2) the head wound involved temporal artery bleeding, (3) the chest wound entered her chest right above her heart, (3) these injuries required exploratory surgery to determine whether they were life threatening, (4) treatment required surgery, numerous stitches, a drain tube, and the insertion of a breathing tube for five days, (5) her treating physician described the wound by the heart, the injury to the airway requiring a breathing tube and the injury to the head involving major blood vessels to the brain as creating a substantial risk of death, (6) the complainant testified that, without the breathing tube down her throat, she could not breathe, and (7) Detective Hancock testified that the five inch long, double-bladed knife used to inflict the wounds was, in his opinion, a deadly weapon capable of causing serious bodily injury. Appellant's motion for rehearing is overruled.

Patrick A. Pirtle
Justice

Do not publish.

3